STATE v. EPHRIAM JONES.

*Transcript of Record on Appeal.*

Where on appeal the "transcript" sent to this court consists of a series of loose, disconnected papers, not amounting to a history of the cause as it was conducted in the court below, the case will be remanded for a more perfect record.

(*State* v. *Guilford*, 4 Jones 83, cited and approved.)

INDICTMENT for failure to work Public Road tried at Fall Term, 1879, of NASH Superior Court, before *Eure, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General*, for the State.
*Messrs. Bunn & Battle*, for the defendant.

SMITH, C. J.   We cannot consider and act upon the loose and disconnected papers sent up as a transcript upon this appeal. We have in so many separate half sheets, the bill of indictment and its endorsements ; the list of jurors' names;

the verdict and judgment; the defendant's affidavit of his inability to give security on the appeal with certificate of counsel; the bill of costs incurred; the case prepared by the judge on the appeal on a full sheet; and the official certificate of the clerk "that the transcript herewith is a true copy of the record."

There is no memorandum of arraignment and plea, nor copy of the notice given by the overseer of the road to the defendant, the sufficiency of which is a point intended to be presented in the appeal; nor of any fact transpiring at or before trial except as they are described in the accompanying case. This is a loose practice and not in accordance with the rules adopted at June term, 1871. Bailey's Digest, 520. The clerk's authentication should be attached in order to identify the transcript as it leaves the office, and not afford facilities for the abstraction of parts or the surreptitious introduction of spurious matter into the record. We suggest and recommend the form for making up transcripts contained in Eaton's Forms, 624, which has received the approval of this court in State v. Guilford, 4 Jones, 83. A careful preparation of the record as prescribed in the rules, will lessen our labors and often obviate delays and needless expense, and we must insist on their observance.

This cause and the papers sent up with it must be remanded to the court below, and it is so ordered.

PER CURIAM.                    Case remanded.

SMITH, C. J. Since the foregoing opinion was prepared, a properly certified transcript has been filed in the office, and with the consent of the attorney general the order remanding the case is, on motion of defendant's counsel, rescinded. The want of original jurisdiction in the superior court to try and determine the offence charged in the indictment, is decided in State v. Craig, ante 669, rendering unnecessary the consideration of the other exceptions taken

in the court below. It is therefore adjudged that there is error, and the motion in arrest of judgment is sustained.

Error. Judgment arrested.